This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SANDRA L. SHERMAN,**

      **Plaintiff-Appellant,**

**v.**

**ANASAZI MEDICAL ASSOCIATES,**
**ARDENT HEALTH SERVICES, and**
**LOVELACE SANDIA HEALTH SYSTEM,**
**INC., DR. WILLIAM HUGHES, and DR.**
**THOMAS STRAIN,**

      **Defendant-Appellees,**

**and**

**DR. CARL FRIEDRICHS, DR. CAROLINE**
**KINGSTON, LAUREN BLANCHARD,**
**and BONNIE GIACCHETTI,**

      **Defendants.**

**No. 35,151**
**Bernalillo County**
**D-202-CV-2008-05751**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Sandra L Sherman
Albuquerque, NM

Pro Se Appellant

Rodey, Dickason, Sloan, Akin & Robb P.A.
Michael Brescia
R. Nelson Franse
Valerie Reighard Denton
Albuquerque, NM

for Appellees Lovelace Sandia Health System, Inc., Dr. William Hughes, Dr. Thomas Strain, and Ardent Health Services

Allen, Shepherd, Lewis & Syra, P.A.
Edward W. Shepherd
Albuquerque, NM

Hinkle Shanor LLC
S. Barry Paisner
Santa Fe, NM

for Appellee Anasazi Medical Associates

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Plaintiff-Appellant Sandra Sherman appeals in a self-represented capacity from the district court's dismissals of her medical malpractice claims against Defendants Ardent Health Services, Anasazi Medical Associates, and Lovelace doctors William Hughes and Thomas Strain (collectively referred to as the Lovelace Defendants). Our notice proposed to dismiss in part and to affirm in part. Plaintiff filed a timely

response in opposition. We remain unpersuaded by Plaintiff's arguments and thus affirm.

**{2}** Regarding Plaintiff's appeal from the orders dismissing her claims against Defendants Ardent Health Services and Anasazi Medical Associates [1 RP 199; 2 RP 517, 710], as we explained in detail in our notice, Plaintiff did not timely appeal from these orders, see Rule 12-201(A)(2) NMRA, and the timely filing of a notice of appeal is a mandatory precondition to our jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing a notice of appeal is a mandatory precondition to appellate jurisdiction). Because Plaintiff did not file timely notices of appeal from the respective orders of dismissal for these Defendants, for the reasons provided in our notice, we dismiss her appeal for lack of timeliness.

**{3}** We next address Plaintiff's appeal from the October 28, 2015, order granting summary judgment and dismissing with prejudice Plaintiff's claims against the Lovelace Defendants. [2 RP 710] Because Plaintiff's appeal was timely from the October 28, 2015, order, we consider its merits. *See generally Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (setting forth our standard of review). In doing so, we consider Plaintiff's central allegations that her blood pressure medication caused her to have an allergic reaction leading to her

3

physical ailments and that she was wrongfully denied a prescription for a different medication. [1 RP 2, 84; DS 1; MIO 1-2] Pertinent to this and as emphasized in Plaintiff's response to our notice, Plaintiff states that the lack of proper medication poisoned her system and caused her to get sicker over time [DS 1; MIO 1], ultimately requiring multiple ambulance rides and the need to take "Focus Factor" to help sharpen her mind, as well as the suffering of over twenty heart upsets, tinnitus, nose bleeds, the loss of vision, and a lack of balance. [MIO 2]

{4}     As we emphasized in our notice, however, for Plaintiff's claims against the Lovelace Defendants, expert testimony was needed to address whether their treatment of Plaintiff fell below the requisite standard of care. To this end, the risk-benefit analysis regarding the prescribed medications, as well as whether continued use of certain medications would have been dangerous or have harmful effects in a patient with Plaintiff's physicality, are complex issues that necessitate expert testimony. [2 RP 637] *See generally Toppino v. Herhahn*, 1983-NMSC-079, ¶ 14, 100 N.M. 564, 673 P.2d 1297 (providing that expert medical evidence is generally essential to establish the elements of "departure from reasonable standards of care" and that "[o]rdinarily expert evidence is essential to support an action for malpractice against a physician or surgeon" (internal quotation marks and citation omitted)). But despite the passage of almost seven years after the filing of the original complaint and the

4

district court's repeated expressed expectation to Plaintiff that she provide the requisite expert testimony [2 RP 633-34], Plaintiff failed to disclose any experts willing to state that the Lovelace Defendants breached the applicable standard of care, much less that any alleged breach was a cause of Plaintiff's alleged injuries. [2 RP 633-34] To the contrary, despite Plaintiff's attempts with "some 40" doctors [DS 1], none of these doctors would state that she received an unacceptable standard of care or otherwise agree with her position that her prescription should have been replaced; rather, Plaintiff had only one expert who would state only that the standard of care was acceptable. [DS 1] And while Plaintiff is now pleased with her treatment at the University of Texas Southwestern Medical Center in Dallas [MIO 1], this has no bearing on the summary judgment proceedings before the district court below.

{5}     In sum, given the lack of expert testimony to support Plaintiff's claims that the conduct of the Lovelace Defendants fell below the acceptable standards of performance of medical practice, there could be no disputed issue of fact with regard to Plaintiff's allegations that the Lovelace Defendants breached their duty in prescribing her medication or that any alleged breach was the cause of her injuries. [2 RP 638] *See, e.g.*, *Cervantes v. Forbis*, 1964-NMSC-022, ¶¶ 1, 13, 73 N.M. 445, 389 P.2d 210 (holding that where a patient, suing physicians for alleged negligent treatment of a broken leg, had no expert testimony to offer in order to establish failure

to meet standard of care or proximate cause, the patient had not shown presence of a genuine issue of material fact as to either, and the defendant physicians were entitled to summary judgment), *modified on other grounds by Pharmaseal Labs., Inc. v. Goffe*, 1977-NMSC-071, ¶ 15, 90 N.M. 753, 568 P.2d 589. Thus, for the reasons provided in this Opinion and in our notice, we affirm.

{6}     To conclude, based on her untimely appeal [2 RP 710], we dismiss Plaintiff's appeal from the order dismissing Ardent Health Services [1 RP 199] and from the order granting summary judgment and dismissing the claims as to Anasazi Medial Associates. [2 RP 517] And although Plaintiff's notice of appeal is timely as to the district court's order granting summary judgment and dismissing her claims against the Lovelace Defendants, we affirm on the merits as to the dismissal of the Lovelace Defendants.

{7}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**